UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| ROBERT G. FOWLER, | ) | CIV. 08-5043-JLV |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER DENYING |
| vs. | ) | DEFENDANT'S |
| | ) | MOTION *IN LIMINE* |
| LAC MINERALS (USA), LLC, a | ) | |
| Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant filed a motion *in limine* focusing on ten documents which defendant asserts are not admissible at trial on the basis of Fed. R. Evid. 408. (Dockets 63 & 64). They all include discussions of settlement offers or discussions of compromise and settlement. Id. Plaintiff resists the motion. (Docket 67). "Under Federal Rule of Evidence 408, documents manifesting an attempt to settle litigation are not admissible to prove liability for or invalidity of a claim or its amount." Freidus v. First National Bank of Council Bluffs, 928 F.2d 793, 794-95 (8th Cir. 1991). However, the rule does not "exclude 'evidence offered for another purpose, such as proving bias or prejudice of a witness or negativing a contention of undue delay . . . .' " Id.; see also Rule 408(b).

Courts have admitted evidence of offers or agreements to compromise for a number of other purposes. See Freidus, 928 F.2d at 795 (rebuttal);

County of Hennepin v. AFG Industries, Inc., 726 F.2d 149, 153 (8th Cir. 1984) (impeachment); Bankcard America, Inc. v. Universal Bancard, 203 F.3d 477, 484 (7th Cir. 2000) (waiver of time limitations); United States v. Austin, 54 F.3d 394, 400 (7th Cir. 1995) (to prove notice); United States v. Hauert, 40 F.3d 197, 199-200 (7th Cir. 1994) (to show defendant's knowledge and intent); Bradbury v. Phillips Petroleum Co., 815 F.2d 1356, 1363 (10th Cir. 1987) (to negate the defense of mistake and show the relationship and extent of control between companies); and Starter Corp. v. Converse, Inc., 170 F.3d 286, 294 (2d Cir. 1999) (to prove estoppel).

Defendant's answer specifically includes defenses of "laches, waiver, estoppel . . . and unclean hands." (Docket 6, p. 1). It is premature for the court to speculate as to the reasons why one or more of the documents may be offered at trial. The court will consider the admissibility of each document separately during the course of trial. Accordingly, it is hereby

ORDERED that defendant's motion *in limine* (Docket 63) is denied as premature.

Dated January 26, 2011.

                                BY THE COURT:

                                /s/ *Jeffrey L. Viken*
                                JEFFREY L. VIKEN
                                UNITED STATES DISTRICT JUDGE